COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


PORTSMOUTH GENERAL HOSPITAL AND
 BON SECOURS HEALTH SYSTEM, INC./
 PMA MANAGEMENT CORPORATION

                                        MEMORANDUM OPINION*
v.   Record No. 0682-99-1                  PER CURIAM
                                        SEPTEMBER 7, 1999
TAMMY JO DOBBS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Richard E. Garriott, Jr.; Clarke, Dolph,
              Rapaport, Hardy & Hull, P.L.C., on brief),
              for appellants.

              (Jeffrey F. Brooke; M. Todd Gerber; Huff,
              Poole & Mahoney, P.C., on brief), for
              appellee.


     Portsmouth General Hospital and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Tammy Jo Dobbs'

injuries were causally related to her March 29, 1997 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that Dobbs met her burden of proof, the commission found as follows:

> Dr. [Frederick] Jordan found [Dobbs'] problem consistent with the March 1997, accident. He immediately referred [her] to Dr. [J.C.P.] Collier. The report of Harry Poland, physician assistant, refers to [Dobbs'] original injury and a continuation of slight ongoing problems. This report and that of Dr. Jordan, contradict the September 16, 1997, report of Dr. [Glenn J.] Jakobsen indicating that [Dobbs'] pain had resolved on its own, and that she only began having pain again approximately three weeks earlier. [Dr. Jakobsen's] report notes [Dobbs] recalled a slip and fall at that time, but she was uncertain whether this was a precipitating event. We note that Dr. Jakobsen diagnosed myofascial pain syndrome, and not the ultimate problem of a herniated disc. Dr. [Anthony] Cetrone's February 17, 1998, letter indicates that it was unclear that [Dobbs'] symptoms resulted from the fall and that it was probably represented probably more of a myofascititis. However, ultimately Dr. Collier and Dr. [Mark B.] Kerner diagnosed a herniated disc. Dr. Kerner has indicated both in November [1997] letter and in his deposition that based on his history and evaluation [Dobbs'] condition was a result of the March accident. While [Dr. Kerner] acknowledged that if [Dobbs] suffered a fall in August that could be the cause of her condition, we find that the record does not support an August fall. We note that the deputy commissioner had an opportunity to observe

-

> the witness and found [Dobbs] to be credible, as did Dr. Kerner. We therefore find the opinion of Dr. Kerner, the treating physician, outweighs that of Dr. Jakobsen and Dr. Cetrone who examined [Dobbs] on a limited basis and failed to diagnose a herniated disc.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and accepted the opinion of the treating physician, Dr. Kerner, while rejecting the contrary opinions of Drs. Jakobsen and Cetrone. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Dr. Kerner's opinion and Dobbs' testimony constitute credible evidence supporting the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.

-